## Case No. 11,637.

### In re REED.

[1 N. B. R. 1;[1] Bankr. Reg. Supp. 1; 24 Leg. Int. 196; 6 Int. Rev. Rec. 21.]

District Court, S. D. New York. June 12, 1867.

INJUNCTION—PROCEEDINGS IN STATE COURT—BANKRUPTCY.

The United States district court, sitting in bankruptcy, has power, by injunction, to stay proceedings in the state courts against a bankrupt.

[Cited in Re Wright. Case No. 18,065; Re Mallory, Id. 8,991; Re Brinkman, Id. 1,884.]

[In bankruptcy.]

[2] [F. C. Nye, for petitioner, filed the following petition: "To the Hon. Samuel Blatchford, Judge of the District Court of the United States for the Southern District of New York: The petition of Horatio Reed, of the city and county of New York, respectfully represents that your petitioner, on the 7th day of June, 1867, duly filed his petition in bankruptcy in the office of the clerk of said court; that one of the debts contained in the schedule annexed to said petition is a judgment recovered in the supreme court of the state of New York, for the city and county of New York, by Walter S. Vose, and James F. Joyce, against your petitioner, on the 18th of August, 1860, for $1,103.78, and that an order was entered in said action on the 24th day of May, 1867, requiring your petitioner to appear before one of the justices of said court, on the 4th day of June, 1867, and such further

days as said court should name, and make discovery on oath concerning his property; that your petitioner has duly appeared in obedience to said order, and said examination has been adjourned until this 12th day of June, 1867, at 1 o'clock in the afternoon; that your petitioner has applied to the attorney of said Vose & Joyce named in said order for an adjournment of said examination appointed for 1 o'clock today, and acquainted said attorney with the due filing of his said petition in bankruptcy, and showed said attorney said certificate thereof, but said attorney has refused to adjourn said examination. Wherefore your petitioner prays that an order of this court may be entered staying proceedings under said order for examination, and all proceedings in said cause on the part of said judgment creditors, and their attorneys, until the question of your petitioner's discharge in bankruptcy shall be delivered, and for such further or other order in the premises as to the court shall seem meet."][2]

On a petition for a stay of proceedings in the state courts against the said Reed, BLATCHFORD, District Judge, established a precedent for a liberal construction of section 21 of the bankrupt act [of 1867 (14 Stat. 526)] by issuing an order as follows:

"The petitioner in this case having, on the 7th day of June, 1867, duly filed his petition in bankruptcy in the office of the clerk of this court, for the purpose of obtaining the benefit of the act of congress, approved March 2, 1867, entitled 'An act to establish a uniform system of bankruptcy throughout the United States,' and it appearing, to the satisfaction of this court, that Walter S. Vose and James F. Joyce obtained a judgment in the supreme court, state of New York, against the said Horatio Reed, on the 18th day of August, 1860, for the sum of $1,103.78 damages and costs; and that an execution upon said judgment against the property of the said Horatio Reed' has been duly issued and returned wholly unsatisfied, and that the said judgment is a debt provable under the said act, and that proceedings are now pending on said judgment in the said supreme court, by means of an order for the examination of the said Reed as a judgment debtor, issued on the 24th day of May, 1867, by the Hon. Josiah Sutherland, one of the justices of the said court. Now, therefore, it is hereby ordered that all proceedings under the said order, and all further proceedings upon the part of the plaintiffs in the said judgment, upon the said judgment, be, and the same are hereby upon the application of the said Horatio Reed, stayed to await the determination of this court in bankruptcy, on the question of the discharge of the said Horatio Reed, under the said act, until the question of his discharge thereunder shall have been determined by this court."

[1] [Reprinted from 1 N. B. R. 1, by permission.]

[2] [From 24 Leg. Int. 196.]

[2] [From 24 Leg. Int. 196.]